# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GUADA TECHNOLOGIES LLC,** | CASE NO. 1:17-cv-01503-RGA |
| Plaintiff, | |
| **v.** | **PATENT CASE** |
| **VICE MEDIA LLC,** | |
| Defendant. | |

### PLAINTIFF GUADA TECHNOLOGIES LLC'S OPPOSITION TO DEFENDANT VICE MEDIA, LLC'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)

March 8, 2018

OF COUNSEL:

David R. Bennett
(Admitted *pro hac vice*)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

STAMOULIS & WEINBLATT LLC

Stamatios Stamoulis
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Plaintiff Guada Technologies LLC*

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS....................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... iii

TABLE OF EXHIBITS ........................................................................................................ v

I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS................. 1

II.    SUMMARY OF THE ARGUMENT ............................................................................ 1

III.   CONCISE STATEMENT OF THE FACTS ................................................................ 3

      A.    The Patent-in-Suit Addresses Problems Associated with a User Traversing Nodes in A Computerized Hierarchically Arranged Decisional Network..............3

           1.    The Claims of the '379 Patent .................................................... 4

           2.    The Prosecution History Explains That the Invention Improves the Navigation in a Particular Computerized Network.................................... 5

                 a.    The Claims are Directed to Hierarchically Arranged Decisional Networks, Not Bayesian Causal Networks.................. 6

                 b.    "Jumping" Improved on the Prior Art ........................................... 6

      B.    Claim Construction Issues ...................................................................................7

           1.    "A System Having Multiple Navigable Nodes Interconnected in a Hierarchical Arrangement" and "An Arrangement of Nodes Representable as a Hierarchical Graph Containing Vertices and Edges Connecting At Least Two of the Vertices"...................................... 7

           2.    "Jumping" ............................................................................. 8

           3.    "Jumping to the at Least One Node" and "Jumping to the Vertex" ........... 9

IV.   STATEMENT OF THE LAW........................................................................................ 9

V.    ARGUMENT .................................................................................................. 11

      A.    The Claims in the Patent-in-Suit do not Recite an Abstract Idea .........................11

           1.    Independent Claims 1 and 7 of the '379 Patent Are Directed to Improved Computer Functionality and Not an Abstract Idea.................. 12

2.      Dependent Claims 2-6 of the '379 Patent Add Further Inventive
        Concepts to the Independent Claims........................................................... 13

3.      Defendant's Abstract Idea Ignores the Claim Language .......................... 13

4.      The Claims Provide Implementation Details and are Not Purely
        Functional ................................................................................................ 15

5.      The Claimed Invention Does Not Cover an Invention That Can Be
        Performed Mentally Entirely in a Human Mind ...................................... 17

6.      The Claims Are Not Required to Reference Hardware ............................ 17

B.      The Claims Have Material, Non-Generic Limitations, Including Keywords
        Associated with Nodes and Jumping, that Render the Claims Patent-
        Eligible Under §101 ............................................................................................18

CONCLUSION .................................................................................................................. 20

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software*,
2018 U.S.App. LEXIS 3463 (Fed.Cir. Feb. 14, 2018) ................................................ 1, 20

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
573 U.S. ___, 134 S.Ct. 2347 (2014)........................................................................ passim

*Bascom Global Internet Servs. v. AT&T Mobility LLC*,
827 F.3d 1341 (Fed.Cir. 2016)................................................................................... passim

*Berkheimer v. HP Inc.*,
2018 U.S.App. LEXIS 3040 (Fed.Cir. Feb. 8, 2018) ...................................................... 19

*Commil USA, LLC v. Cisco Sys.*,
135 S.Ct. 1920 (2015)........................................................................................................ 9

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
2018 U.S. App. LEXIS 1931 (Fed.Cir. Jan. 25, 2018) ............................................. passim

*DDR Holdings, LLC v. Hotels.com*,
773 F.3d 1245 (Fed.Cir. 2014)................................................................................... passim

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed.Cir. 2016)................................................................................... passim

*Finjan, Inc. v. Blue Coat Sys.*,
2018 U.S. App. LEXIS 601 (Fed.Cir. Jan. 10, 2018) ............................................... passim

*Mayo Collaborative Services v. Prometheus Laboratories, Inc.*,
132 S.Ct. 1289 (2012)...................................................................................................... 10

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
837 F.3d 1299 (Fed.Cir. 2016)................................................................................... passim

*Microsoft Corp. v. i4i Ltd. P'ship*,
131 S.Ct. 2238 (2011)........................................................................................................ 9

*Visual Memory LLC v. NVIDIA Corp.*,
867 F.3d 1253 (Fed.Cir. 2017)............................................................................ 9, 15, 16, 17

**Statutes**

35 U.S.C. §101 ................................................................................................................ passim

35 U.S.C. §112 ....................................................................................................................... 16

35 U.S.C. §282 ......................................................................................................................... 9

## TABLE OF EXHIBITS

| | |
|---|---|
| Exhibit A | United States Patent No. 7,231,379 |
| Exhibit B | Excerpt of Appendix attached to Application No. 10/299,359 |
| Exhibit C | Office Action in Application No. 10/299,359 ('379 patent) dated June 4, 2004 |
| Exhibit D | Response to Office Action in Application No. 10/299,359 dated June 4, 2004 dated September 3, 2004 |
| Exhibit E | Final Office Action in Application No. 10/299,359 dated December 3, 2004 |
| Exhibit F | Response After Final Office Action in Application No. 10/299,359 dated January 27, 2005 |
| Exhibit G | Advisory Action in Application No. 10/299,359 dated March 7, 2005 |
| Exhibit H | Applicant Appeal Brief in Application No. 10/299,359 dated May 31, 2005 |
| Exhibit I | Appeal Non-Final Rejection in Application No. 10/299,359 dated August 24, 2005 |
| Exhibit J | Reply Appeal Brief in Application No. 10/299,359 dated October 19, 2005 |
| Exhibit K | Statement of Non-Compliance in Application No. 10/299,359 dated October 2, 2006 |
| Exhibit L | Response to Statement of Non-Compliance in Application No. 10/299,359 dated November 2, 2006 |
| Exhibit M | Notice of Allowance in Application No. 10/299,359 dated January 25, 2007 |
| Exhibit N | Supplemental Notice of Allowance in Application No. 10/299,359 dated March 30, 2007 |

Plaintiff Guada Technologies LLC ("Guada Technologies") hereby files this Opposition to Defendant Vice Media LLC's Motion to Dismiss (D.I. 13, 14) ("§101 Motion").

## I.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On October 24, 2017, Guada Technologies filed a complaint alleging that Vice Media LLC ("Defendant") infringed at least claim 1 of U.S. Patent No. 7,231,379 ("the '379 patent" or "patent-in-suit") through the navigation on its website, https://www.viceland.com/en_us.  (D.I. 1).  In response, Vice Media filed its §101 Motion.  (D.I. 13, 14).

## II.  SUMMARY OF THE ARGUMENT

Defendant's arguments are insufficient to support a challenge to the patent eligibility of the claims of the '379 patent.  The specification and prosecution history explain that the claimed inventions are directed to an unconventional method for solving a problem with a particular type of computer system.  Without any evidentiary support, Defendant contradicts the intrinsic evidence to argue that the claims are directed to routine, conventional activity.  This is insufficient to support invalidity under §101 at a Rule 12(b)(6) stage.  *Aatrix Software, Inc. v. Green Shades Software*, 2018 U.S.App. LEXIS 3463 *20-*21 (Fed.Cir. Feb. 14, 2018).

The claims of the '379 patent are directed to solving a problem existing in a particular computer setting: users navigating network nodes in "a programmed computer that has a hierarchically configured decisional network that must be navigated as part of the processing," and that is also constructed to accept user inputs or data for navigation.  The object of navigating this type of network is to get the user from one node in the network to the goal node as quickly and efficiently as possible.  Prior art systems required users to navigate the nodes in set pathways that made it time consuming to reach goal nodes.

Recognizing the prior art problems, the inventors developed a new method for traversing a hierarchically arranged decisional network.  In additional to the user being able to move to

adjacent nodes, the claimed methods allow users to navigate the network by skipping to nonadjacent nodes. This is accomplished by associating each node with descriptions, and matching words in user's responses with those descriptions so the system can jump to nodes that may not be directly connected to the user's current node in the hierarchically arranged decisional network. The claims enable the "system to do things it could not do before." *Finjan, Inc. v. Blue Coat Sys.*, 2018 U.S.App. LEXIS 601, *11 (Fed.Cir. Jan. 10, 2018).

Defendant's §101 Motion alleges a generic abstract idea that ignores the problem solved by the inventors with navigating prior art user-interactive computerized hierarchically arranged decisional networks. "Although the generic idea… certainly existed prior to the invention, these claims are directed to a particular manner [to implement the idea] in electronic devices." *Core Wireless Licensing v. LG Elecs., Inc.*, 2018 U.S.App. LEXIS 1931, *11 (Fed.Cir. Jan. 25, 2018). Here, the "claims are directed to a specific implementation of a solution to a problem in the software arts," namely new solutions for navigating hierarchically arranged decisional networks, not an abstract idea. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed.Cir. 2016) (*citing Alice Corp. Pty. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2354 (2014)); *DDR Holdings, LLC v. Hotels.com*, 773 F.3d 1245, 1257 (Fed.Cir. 2014); *Finjan*, 2018 U.S.App. LEXIS 601, *10.

On step two of the §101 analysis, stating that the limitations are known in the prior art or can be performed on generic computers does not fail the second step because "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Global Internet Serv. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed.Cir. 2016); *also Enfish*, 822 F.3d at 1338. The claims here have specific functionality and arrangement for a computerized hierarchically arranged decisional network that results in a more efficient navigation of the network. Defendant's §101 Motion should therefore be denied.

## III.    CONCISE STATEMENT OF THE FACTS

Guada Technologies owns all right, title, and interest in the '379 patent.  (D.I. 1 at ¶10).

### A.    The Patent-in-Suit Addresses Problems Associated with a User Traversing Nodes in A Computerized Hierarchically Arranged Decisional Network

Although Defendant argues that such a network exists outside of computers, that argument is inconsistent with the specification.  The specification states that the "invention is implemented in a programmed computer that has a hierarchically configured decisional network that must be navigated as part of the processing."  (*Id.* at col. 2:25-30).  The network "is constructed to accept inputs or data and process them in a manner that facilitates navigation of the network vertices more efficiently."  (*Id.*).  A hierarchically arranged decisional network is an arrangement of nodes (numbered boxes below) connected by edges (lines connecting the boxes) that are used to traverse from one node to another node through decisions at a particular node:



(*Id.* at Fig. 1). The object of navigating the system is to get from the start to the desired node quickly and efficiently.  (*Id.* at col. 2:9-12).  This system is different from a "circuit" or "cycle" in which edges can loop back on themselves to create a closed path.  (*Id.* at col. 2:67 – col. 3:3).

To navigate a hierarchically arranged decisional network, a user provides responses to prompts, or inputs data, to navigate up or down through adjacent nodes in the hierarchy to reach a certain node to obtain information, perform a transaction, or accomplish a similar goal.  (*Id.* at col. 2:22-25; col. 3:5-28).   For example, an interactive television program guide can be arranged as a hierarchically arranged decisional network.  A user starts at the first node with a selection

between films and shows.  (*Id.* at Fig. 4).  Upon the selection of films, the user is presented with

another set of nodes to select, such as genres of films (*e.g.,* comedies, horror, drama).  The user

could then continue navigating down through additional nodes levels until reaching a goal node.

This method of navigating through specific pathways between nodes is inefficient.  For

example, if the user navigates down the wrong hierarchy of nodes, the user must either backtrack

up the nodes or start over, thereby frustrating the user.  (Ex. H at 2-3; Ex. A at col. 2:9-12).  As

networks become larger with more node levels, the ability to achieve the goal node becomes

more difficult because it requires navigating an excessive number of nodes.  (*Id.* at col. 2:15-18).

The invention solves the prior art problems by not locking the user into movement to

adjacent nodes or having to start over at the top node.  Instead, the invention allows the system to

"jump" laterally from one branch to another.  (*Id.* at col. 3:35-37).  The problem is solved by

supplementing the allowed movement between adjacent nodes with navigation to nonadjacent

nodes by associating the nodes with keywords and matching words in a user's request/response

to the keywords so that the system can jump to those nodes.  (*Id.* at col. 3:35-43).  In other

words, "the user is not bound by the rigid hierarchical arrangement because an input or response

can cause a direct jump to a different node, thereby bypassing intervening nodes that would

otherwise need to be traversed according to approaches of the prior art."  (Ex. H at 3).

### 1.    The Claims of the '379 Patent

The '379 patent has two independent claims, claims 1 and 7.  Claim 1 is the only

independent claim asserted in this litigation:

> 1. A method performed in a system having multiple navigable nodes
> interconnected in a hierarchical arrangement comprising:
>
> at a first node, receiving an input from a user of the system, the input
> containing at least one word identifiable with at least one keyword from
> among multiple keywords,

identifying at least one node, other than the first node, that is not directly connected to the first node but is associated with the at least one keyword, and

jumping to the at least one node.

(Ex. A at col. 22:47-57).   The method starts with a computerized system of multiple nodes interconnected in a hierarchically arranged decisional network in which a user provides inputs at each node to navigate through adjacent nodes in the hierarchical arrangement.  (*Infra* §III.B.1). These same nodes are then associated with keywords. A user provides a word input at a first node.[1]  The system identifies a node associated with a keyword that is not directly connected to the first node.   The system then jumps (*see* §III.B.2) to that unconnected node.

Claims 2, 3, and 5 depend directly from claim 1.   (*Id.* at col. 22:58-62, col. 23:1-6). Claim 2 requires that the user provide a "verbal description" for a node, such as in telephone-based hierarchically arranged decisional networks.  (*E.g.*, *id.* at col. 3:49-58).   Claim 3 requires searching a thesaurus correlating keywords to synonyms, which allows locating the goal node without having to guess specific keywords associated with the node.   (*E.g.*, *id.* at col. 8:33-56). Claim 4 depends from claim 3 and requires identifying a synonym as a keyword.   Claim 5 requires that if an entered word is not a keyword or synonym, the meaning for the word is learned by the system so that it can be treated as a synonym for at least one keyword; claim 6 then requires that the new word is added to a thesaurus to treat the word as a keyword synonym.

The application for the '379 patent included an appendix with over 100 pages of code and data files as exemplary implementations of the invention.  (*e.g.*, Ex. B).

### 2.    The Prosecution History Explains That the Invention Improves the Navigation in a Particular Computerized Network

The focus of the prosecution was on the problem in the prior art systems, the improved

---

[1] Claim 7 is narrower than claim 1 because it requires that at the first node the user is responding to a verbal description.

method for navigating a particular type of network, and the importance of "jumping."

### a.   The Claims are Directed to Hierarchically Arranged Decisional Networks, Not Bayesian Causal Networks

The prior art cited by the examiner did not disclose the hierarchically arranged decisional networks and instead disclosed Bayesian causal networks, which are also computerized.[2] (Ex. C at 4; Ex. D at 6-7).   Unlike Bayesian networks that did not have traversal problems, hierarchically arranged decisional networks locked users into specific movements:

> [In] FIG. 1…, according to the prior art, if one were to navigate through the graph, one would always start at the box labeled "1". To get to the box labeled "5", one would have to navigate from box "1" to box "2" to box "5". If it turned out that the user's intended goal really should have placed them at box "7", they would have to back-navigate from box "5" to box "2" to box "1" then to box "3" and finally to box "7".

(Ex. F at 6-7).   Applicant described the improved operation of the claimed invention:

> In contrast, with the same example, if the user had navigated to box "5" but the intended goal would have placed them at box "7", through use of the invention of claim 1 or claim 7, the "at least one keyword" (claim 1) or the "meaningful term" (claim 7) makes it possible for the system to know, in response to the user's input, that the intended goal would place the user at box "7" and it would cause a direct jump from box "5" to box "7" <u>without traversal through a path containing any of the boxes in between</u> even though there is no direct connection between box "5" and box "7"!

(*Id.* at 7) (underlining in original).

### b.   "Jumping" Improved on the Prior Art

The prior art disclosed navigating by only direct traversal along a path of connected nodes.   The invention solved the limits of the prior art navigation of hierarchically arranged decisional networks by "allowing the user to 'jump' from one node in the hierarchy to another node that is not directly connected to that node, <u>without having to traverse through every</u>

---

[2] A Bayesian network is a graphical model of variables that represents how changes to one variable affects other interconnected variables.  (*See* Ex. H at 10-11, 12; Ex. F at 8-9).

intervening node in the path." (Ex. H at 3 (*citing* Ex. F at 6-7)).  By implementing the invention, "the user is not bound by the rigid hierarchical arrangement…" and can bypass intervening nodes that would otherwise need to be traversed.  (*Id.*).  "Jumping" was then defined as "a direct traversal from one node or vertex to another node or vertex that is not directly connected to it (i.e., without traversal through any intervening nodes or vertices or to a node or vertex whose only least common ancestor with that node or vertex is the root node or vertex)." (*Id.*).

The examiner contended that the Pooser patent (U.S. Patent No. 5,812,134) disclosed jumping by "allow[ing] the user to skip any part of the thread, return to a previous node (or element), or jump to a related node on another thread." (Ex. I at 3-4).  However, Pooser only disclosed a user, not a system, selecting nodes within a hierarchical structure and did not use keywords. (Ex. J at 9).  In Pooser, the user is aware of all available nodes and, in view of the graphical display of the entire hierarchical structure, the user navigates by selecting the desired node from the display of the entire structure, which is not jumping.  (*Id.* at 9-10).  In contrast, in the '379 patent, a user at a node "gives the system an input, from that input… a keyword association occurs and, as a result, the system then jumps the user to a node associated with the at least one keyword of the systems selection (claim 1)." (*Id.* at 10; *see also id.* re Claim 7).  All pending claims were then allowed.  (Exs. K-N).

### B.    Claim Construction Issues

There are three claim terms that require construction prior to addressing patent eligibility.

### 1.    "A System Having Multiple Navigable Nodes Interconnected in a Hierarchical Arrangement" and "An Arrangement of Nodes Representable as a Hierarchical Graph Containing Vertices and Edges Connecting At Least Two of the Vertices"

Defendant's argument that the claims can be implemented outside of computer networks is incorrect.  In claim 1, the term "a system having multiple navigable nodes interconnected in a

hierarchical arrangement" means "a computerized system of multiple nodes interconnected in a hierarchically arranged decisional network in which a user provides inputs or responses at each node to navigate through adjacent nodes in the hierarchical arrangement."   Similarly, in claim 7, the term "an arrangement of nodes representable as a hierarchical graph containing vertices and edges connecting at least two of the vertices" means "a computerized arrangement of nodes representable as a hierarchical graph containing vertices and edges connecting at least two of the vertices in which a user provides inputs or responses at each node to navigate through adjacent nodes in the hierarchical arrangement."

The specification explains that the invention "particularly" relates to "computer based transaction processing."  (Ex. A at col. 1:7-8).  "The invention is implemented in a programmed computer that has a hierarchically configured decisional network that must be navigated as part of the processing and is constructed to accept inputs or data…."  (*Id.* at col. 2:25-28).   All the networks in the specification (*e.g.*, interactive voice response systems, interactive TV program listing systems, and geographic information systems) are automated, computer-based systems having multiple hierarchical nodes in which users input data to navigate the systems.  (*e.g.*, *Id.* at col. 1:40-65; col. 2:41-52; col. 5:52-55; col. 6:66-67; col. 8:8-10; Figs. 3-6; Ex. H at 2).

## 2.      "Jumping"

"Jumping," in both independent claims 1 and 7, should be construed to mean "a direct traversal from one node or vertex to another node or vertex that is not directly connected to it (*i.e.*, without traversal through any intervening nodes or vertices or to a node or vertex whose only least common ancestor with that node or vertex is the root node or vertex)."   As explained above, "jumping" was defined during the prosecution history.  (Ex. H at 3; Ex. J at 4; *also* Ex. F at 4-6 (citing portions of the specification (Ex. A at col. 5:7-12; col. 2:38-40, col. 3:35-43, col. 5:43-44, col. 6:25-26, col. 8:5-10, col. 9:59-61, col. 12:31-34, 49-56, col. 14:7-14))).

8

### 3.    "Jumping to the at Least One Node" and "Jumping to the Vertex"

Defendant incorrectly contends that the user jumps.  "Jumping to the at least one node" (in claim 1) and "jumping to the vertex" mean "the system jumping to the at least one node" and "the system jumping to the vertex."  The claims are directed to an invention that is performed "in a system."  (Ex. A at col. 22:47-49; *also* col. 24:3-4).  The claim requires that the system "at a first node, receive an input from a user of the system," the system "identify[] at least one node," and the system "jumping to the at least one node."  (Ex. A at col. 22:50-51, 54, 57).  The prosecution also explains that it is the *system* (not the user) that jumps.  (Ex. J at 4, 9-10).

## IV.    STATEMENT OF THE LAW

A patent is presumed valid and the burden of establishing invalidity of any patent claim rests on the party asserting invalidity.  35 U.S.C. §282; *Microsoft Corp. v. i4i Ltd.*, 131 S.Ct. 2238, 2245 (2011) ; *Commil USA, LLC v. Cisco Sys.*, 135 S.Ct. 1920, 1929 (2015).  This applies any time an infringer argues "that the patent should never have issued in the first place."  *Microsoft*, 131 S.Ct. at 2242.  Invalidity must be proven by clear and convincing evidence.  *Id.* at 1250; *Commil*, 135 S.Ct. at 1929.   Moreover, on "a motion to dismiss under Rule 12(b)(6), [ ] all factual inferences drawn from the specification must be weighed in favor of [ ] the non-moving party."  *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1261-62 (Fed.Cir. 2017).

Section 101 defines patent eligible subject matters as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."  35 U.S.C. §101.   All inventions in effect embody, use, or apply laws of nature, natural phenomena, or abstract ideas so an invention is not patent-ineligible merely because it involves one of these.  *Alice Corp.*, 134 S.Ct. at 2354.  Although patenting a building block of ingenuity risks disproportionately tying up the use of the underlying ideas, integrating the building blocks into something more "pose[s] no comparable risk of pre-emption."  *Id.* at 2354-55.

The analysis of whether an invention is directed to an abstract idea under §101 consists of two steps. *Mayo Collaborative Serv. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289, 1296-1297 (2012). The first step "determine[s] whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice Corp.*, 134 S.Ct. at 2355. If the claims are not directed to a patent ineligible concept, then the analysis ends because the claims are patentable under §101.

However, if the Court finds that the claims are directed to a patent ineligible concept, then the Court turns to the second step and "examine[s] the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea intof a patent-eligible application." *Alice Corp.*, 134 S.Ct. at 2357 (*citing Mayo*, 132 S.Ct. at 1294, 1298). Even if an invention recites an abstract idea, the invention is patentable if it has "additional features to ensure that the claim is more than drafted to monopolize the abstract idea." *Id.* (*citing Mayo*, 132 S.Ct. at 1297). The limitations must be considered both individually and as an ordered combination in this step. *Id.* at 2355.

If "the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks," then software claims are not abstract. *DDR Holdings*, 773 F.3d at 1257. Similarly, software claims are patent eligible when they "enable[] a computer [ ] system to do things it could not do before." *Finjan*, 2018 U.S.App. LEXIS 601, *11. Even if the claims use only generic computers, software claims are patent-eligible if the claims do not preempt the alleged abstract idea on the Internet or on generic computer components performing conventional activities. *Bascom*, 827 F.3d at 1350-51; *Enfish*, 822 F.3d at 1338. So long as the novelty is not simply using a computer, "processes that automate tasks that humans are capable of performing are patent eligible if properly claimed." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed.Cir. 2016).

## V.     ARGUMENT

When the facts are weighed in Guada Technologies' favor, Defendant has not proven that the claims are invalid under §101 by clear and convincing evidence.  First, Defendant's alleged abstract idea, "using keywords to search data," improperly describes the claims "at such a high level of abstraction and untethered from the language of the claims."  *Enfish*, 822 F.3d at 1337; (D.I. 13 at 1).  The abstract idea disregards important terms demonstrating that the claims are directed to an improved method of navigating a computerized hierarchically arranged decisional network in which a user provides inputs at each node to navigate to adjacent nodes in the hierarchy.  *McRO*, 837 at 1314; *Finjan*, 2018 U.S.App. LEXIS 601, *11.  Second, even in the second step, the claims have additional features, including keywords associated with the nodes and the system jumping to non-adjacent nodes, to ensure that the claims are more than drafted to monopolize an abstract idea.  Defendant's §101 Motion should therefore be denied.

### A.     The Claims in the Patent-in-Suit do not Recite an Abstract Idea

The claimed inventions are patent-eligible under §101 because they do not recite an abstract idea.  In the context of computer software, the Federal Circuit held that the inquiry in the first step is "whether the focus of the claims is on the specific asserted improvement in computer capabilities… or instead, on a process that qualifies as an 'abstract idea.'"  *Enfish*, 822 F.3d at 1335-36.  The claims here are directed to improved computer functionality and do not recite a mathematical algorithm, an economic practice, or a pre-computer business practice.  *Id.* at 1336; *DDR Holdings*, 773 F.3d at 1257; *McRO*, 837 F.3d at 1314.  The claims are patent-eligible because they are rooted in a particular computer technology that necessarily requires a computer system and enable the system to do things it could not do before.  *Enfish*, 822 F.3d at 1336; *Finjan*, 2018 U.S.App. LEXIS 601 *11; *Core Wireless*, 2018 U.S.App. LEXIS 1931, *11-*12.

### 1.    Independent Claims 1 and 7 of the '379 Patent Are Directed to Improved Computer Functionality and Not an Abstract Idea

Independent claims 1 and 7 of the '379 patent are directed to methods for improved navigation in a computerized hierarchically arranged decisional network that must be navigated by a user as part of the processing, and that is also constructed to accept user inputs or data for navigation.  (Ex. A at col. 2:9-16; *supra* §§III.A, III.A.1).  The prior art networks locked users into navigating by making a series of inputs to navigate up or down through adjacent nodes in the hierarchical arrangement to reach a goal node.  (*Id.* at col. 2:22-25).  A user was not allowed to skip any nodes and, if the user incorrectly navigated down several nodes in the hierarchy, the user must either navigate back up the nodes or start over.  (Ex. H at 2-3).  This inefficient navigation could quickly frustrate users.  (*Id.* at col. 2:9-12).

Defendant's abstract idea does not solve the problem in the prior art because it would still result in the network locking a user's movement because a user could still only navigate to adjacent nodes.  On the other hand, the claimed inventions supplemented the prior art navigation with a new method of navigating a hierarchically arranged decisional network that allowed the system to jump users from one node to a non-adjacent node.  (*Id.* at col. 3:29-34).

The specification and prosecution also explain the problem solved as one that solely exists in computerized hierarchically arranged decisional networks.  (*E.g.*, Ex. A at col. 1:7-8, 46-65, col. 2:3-5, 25-30, 35-37, 41-52, col. 3:5-9, Figs. 1, 3-6; Ex. F at 6-8; Ex. H at 3-4; Ex. J at 10-12); *see Enfish*, 822 F.3d at 1337 (looking to the specification to find benefits over the prior art); *McRO*, 837 F.3d at 1314; *Core Wireless*, 2018 U.S.App. LEXIS 1931, *11-*12.  The claims are patent-eligible because they are "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks."  *DDR Holdings*, 773 F.3d at 1257; *also id.* at 1256-57; *Enfish*, 822 F.3d at 1339; *McRO*, 837 F.3d at 1313, 1316.

12

### 2.     Dependent Claims 2-6 of the '379 Patent Add Further Inventive Concepts to the Independent Claims

Defendant's attack on the dependent claims fails to recognize that the added limitations further demonstrate the claims' novelty.  The dependent claims are patent-eligible because they further narrow the improved navigational method.  The improvements in dependent claims 2-6, which depend directly or indirectly from claim 1, are directed to either improving a specific type of hierarchically arranged decisional network, or improving the efficiency of finding goal nodes.

Dependent claim 2 requires providing a verbal description associated with the node where the user is located in the hierarchically arranged decisional network.  (Ex. A at col. 22:58-60).  Dependent claims 3 and 4 improve the efficiency of the navigation by increasing the likelihood of finding a relevant node.  Rather than relying on keywords associated with nodes, claims 3 and 4 correlate words from a thesaurus to keywords.  (Ex. A at col. 22:61-63). Dependent claim 5 improves the efficiency of the navigation by not relying solely on keywords and synonyms to navigate the system.  If the user inputs a word that is neither a keyword or synonym of a keyword, the system learns the meaning of the keyword so that it can be treated as a synonym of one or more keywords.  (*Id.* at col. 23:1-6).  Claim 6 further narrows claim 5 by having a thesaurus that can be supplemented by new words input by the user.  (*Id.* at col. 23:7-10).  Each of the dependent therefore further distance the claims from any alleged abstract idea.

### 3.     Defendant's Abstract Idea Ignores the Claim Language

Defendant's abstract idea of "using keywords to search data" is overly broad because it ignores the problem solved by the claims.  The claims require a particular type of computerized network, a hierarchically arranged decisional network.  (*Supra* §III.B.1).  The claims require jumping: a direct traversal from one node or vertex to another node or vertex that is not directly connected to it (*i.e.*, without traversal through any intervening nodes or vertices or to a node or

vertex whose only least common ancestor with that node or vertex is the root node or vertex). (*Supra* §III.B.3).   Neither of these are addressed in the alleged abstract idea.   Defendant's abstract idea is therefore improper because it is at such a high level of abstraction as to be untethered to the claim language.   *Enfish*, 822 F.3d at 1337 (*citing Alice*, 134 S.Ct. at 2354); *also McRO*, 837 F.3d at 1313; *Core Wireless*, 2018 U.S.App. LEXIS 1931, *8.

Defendant's alleged abstract idea also disregards how the claims are different from the ordinary setup of a hierarchically arranged decisional network.   Nodes in such a network are not associated with keywords.   Instead, navigation occurs by moving only to adjacent nodes based on the user input/response at the current node.   (Ex. H at 2-3; Ex. J at 3-4; Ex. L at 2-3; Ex. F at 6-8).   Searching for keywords, as Defendant proposes, still only results in navigating to adjacent nodes because the system moves based on information at the current node and can only move to adjacent nodes. On the other hand, the claims require keywords associated with nodes so the system can search for nodes that are not adjacently-connected to the current node (user location) when deciding where to navigate.   (Ex. A at col. 22:47-53, col. 24:5-6).

Defendant also incorrectly compares the claims to cases in which the patents were directed to searching, processing, or accessing displaying information.   (D.I. 14 ("Def't Br.") at 8-11).   The claims in this case are not directed to these categories.   Instead, as Defendant recognizes, the claims are directed to an improved method for navigating through the nodes of a hierarchically arranged decisional network that allows a user to more efficiently reach a goal node.   (*Supra* §§III.A, III.B.1; Ex. A at col. 2:9-12; Def't Br. at 3, 9); *Core Wireless*, 2018 U.S.App. LEXIS 1931, *10-*12; *Finjan*, 2018 U.S.App. LEXIS 601, *10.   In fact, Defendant does not compare cases to the claims in this case and instead just summarizes the cases without explaining of their relevance to the claims here.   (Def't Br. at 8-11).   As just explained,

Defendant's alleged abstract idea does not articulate what the claims are directed to with enough specificity to ensure a meaningful step one inquiry. *Core Wireless*, U.S.App. LEXIS 1931, *8. When the claims are properly analyzed to consider the specific computerized network and improved functionality over the prior art, the claims are most comparable to those claims addressed in *Core Wireless*, *Enfish*, *Finjan*, *Visual Memory*.

### 4.     The Claims Provide Implementation Details and are Not Purely Functional

Defendant summarily argues that the claims contain "purely functional terms" such as "multiple navigable nodes interconnected in a hierarchical arrangement," "receiving an input," "identifying at least one node… associated with the at least one keyword," and "jumping." This argument disregards the claim language, which contains specific implementation details.

"Multiple navigable nodes interconnected in a hierarchical arrangement" is not a functional term and instead, as explained in the specification and prosecution history, describes a particular network known to those skilled in the art.  (*Supra* III.A., III.B.1).

"Receiving an input" is an excerpt from the term "receiving [by the system at a node in a hierarchically arranged decisional network] an input from a user of the network, the input containing at least one word identifiable with at least one keyword from among multiple keywords."  (Ex. A at col. 22:47-53).  The claim requires a specific user (user of a hierarchically arranged decisional network) who provides the input, provides the location where the input is received (at a current node of the user in the hierarchically arranged decisional network), and what the input is (one or more words identifiable with a keyword that is associated with nodes in the hierarchically arranged decisional network).  (*Id.*).  Claim 7 additionally requires that the user input is "a response to a verbal description" associated with the first node.

"Identifying at least one node… associated with the at least one keyword" is an excerpt

from the claim 1 term "identifying at least one node, other than the first node, that is not directly connected to the first node but is associated with the at least one keyword." (*Id.* at col. 22:54-56). The claim requires nodes associated with keywords. (*Id.* at col. 22:54-56). The relevant limitation requires that the node identified by the system must be different from the current node, must be within the hierarchically arranged decisional network but not directly connected to the current node, and must be associated with at least one keyword input by a user.

"Jumping" is in response to identifying at least one node. This term requires the system to directly traverse from one node/vertex to another node/vertex that is not directly connected (*i.e.*, without traversing through any intervening nodes or to a node whose only least common ancestor with that node is the root node). (*Supra* §III.B.2). Defendant's overbroad and oversimplified description of the claims is therefore improper and untethered to the claim language. *Enfish*, 822 F.3d at 1337; *also McRO*, 837 F.3d at 1313.

Defendant's argument that the intrinsic evidence does not provide technical details regarding how to implement the invention is contrary to the intrinsic evidence. Figures 7-14 are flowcharts showing exemplary setup and processes for implementing the invention. (Ex. A at col. 2:54-60; col. 14:64–col. 15:1; col. 15:19–col. 20:67). The inventors also submitted an appendix during the prosecution with over 100 pages of code and data files as an exemplary implementation of the invention. (*e.g.*, Ex. B).

The Federal Circuit has rejected Defendant's argument that the specification only described the invention in general terms. "Whether a patent specification teaches an ordinarily skilled artisan how to implement the claimed invention presents an enablement issue under 35 U.S.C. §112, not an eligibility issue under § 101." *Visual Memory*, 867 F.3d at 1261. At the Rule 12(b)(6) stage, it is improper to assume that the specification does not teach a skilled artisan

16

how to implement the invention.  *Id.*  The "implementation details [of the invention] may well fall within the routine knowledge of one of ordinary skill in the art, and a patent need not teach, and preferably omits, what is well known in the art."  *Id.* (internal quotes removed).

**5.      The Claimed Invention Does Not Cover an Invention That Can Be Performed Mentally Entirely in a Human Mind**

Defendant also contradicts Federal Circuit law by arguing all claims that automate human actions are unpatentable.  (Def't Br. at 13-14).  "[P]rocesses that automate tasks that humans are capable of performing are patent eligible if properly claimed."  *McRO*, 837 F.3d at 1313.  In this case, the claims are directed to a very specific improvement for navigating a particular computerized network, which is properly claiming a non-abstract invention.

The claims improve upon a computerized hierarchically arranged decisional network that must be navigated by a user as part of the processing, and that is also constructed to accept user inputs or data for navigation.  (Ex. A at col. 2:9-16; *supra* §§III.A, III.B.2).  The claimed method improves the system by supplementing the allowed movement between only adjacent nodes with a method for the system to jump to nonadjacent nodes by associating the nodes with keywords and matching words in a user's request/response to the associated keywords.  (*Supra* §§III.A).  During the prosecution history, this method was successfully distinguished from a user (human) moving within a known hierarchy.  (Ex. J at 9-10).  The claims are therefore properly limited to improving the particular prior art computerized systems.  *See McRO*, 837 F.3d at 1313.

**6.      The Claims Are Not Required to Reference Hardware**

Defendant implies that the claims are unpatentable because they can work on a general-purpose computer.  However, as explained above, the claims do not operate on a generic computer because the computer must be operating a hierarchically arranged decisional network.  Regardless, the fact that the invention can run on a general purpose computer does not "doom[ ]

17

the claims" because the claims "are directed to an improvement in the functioning of a computer." *Enfish*, 822 F.3d at 1338; *also Bascom*, 827 F.3d at 1350-51.  This is ***not*** a situation in which "general-purpose computer components are added post-hoc to a fundamental economic practice or mathematical equation."  *Enfish*, 822 F.3d at 1339; *also McRO*, 837 F.3d at 1314 ("While the rules are embodied in computer software that is processed by general-purpose computers, Defendant provided no evidence that the process previously used [ ] is the same as the process required by the claims.").  Instead, this invention is one that can only exist on computers operating a particular network and improves the operation of that particular networks.

### B.      The Claims Have Material, Non-Generic Limitations, Including Keywords Associated with Nodes and Jumping, that Render the Claims Patent-Eligible Under §101

Even if the Court finds that Defendant's alleged abstract idea is applicable to the claims, the claims are patent eligible under the second step of the §101 analysis.  The second step of a §101 analysis "examine[s] the elements of the claim [individually and as an ordered combination] to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 134 S.Ct. at 2357.

The claims are not automating conventional activity by making the prior art better solely by doing it on a computer.  *McRO*, 837 F.3d at 1314.  Instead, the claims are directed to a problem associated with navigating computerized hierarchically arranged decisional networks. Rather than being bound by the prior method of navigating to adjacent nodes, the claims overlay a new method of navigating to non-adjacent nodes.  The claims are therefore not solving a pre-computer problem by simply using a computer.  This is exemplified through multiple material, non-generic limitations showing an inventive concept that does not preempt using keywords to navigate/search a hierarchy.  *See DDR Holdings,* 773 F.3d at 1259; *McRO*, 837 F.3d at 1315.

The claims require "jumping," which is not how prior art hierarchies were navigated.

18

(*Supra* §§III.A, III.A.2).   The prior art used keywords to navigate the hierarchy; however, users were trapped navigating to only adjacent nodes.   (Ex. A at col. 4:22-50).   On the other hand, "jumping" to a node requires using keywords to navigate to nonadjacent nodes in the hierarchy.[3] (*Supra* §III.B.2).   When the claims contain limitations "directed to the arguably unconventional inventive concept described in the specification," the specification supports improved computer functionality.   *Berkheimer v. HP Inc.*, 2018 U.S.App. LEXIS 3040, *22 (Fed.Cir. Feb. 8, 2018).

The claims are also limited to a computerized hierarchically arranged decisional network in which the nodes are associated with keywords.   The keyword is used to identify a relevant nonadjacent node, which is not in the prior art.   (*Supra* §III.A.2.a).   In the prior art, the nodes are not associated with keywords.   Instead, unlike the claimed invention, keywords are used at a particular node to decide ***at that node*** which direction the user moves in the hierarchy; the system does not look at other nodes, unlike the claimed invention.   (*Id.*).   The limitations, considered both individually and as an ordered combination, therefore significantly narrow the claim scope from the alleged "abstract idea" and are patent-eligible.   *Bascom*, 827 F.3d at 1350, 1352; *McRO*, 837 F.3d at 1315.   As explained above, the dependent claims further narrow the claims and focus on improvements over the prior art systems.   (*Supra* §V.A.2).

Defendant contends that the claims preempt "essentially *any* use of keywords to search a collection of data or choices" regardless of "how the network… is organized or stored." (Def't Br. at 17).   This is absurd.   The patent specifically states that the "invention is implemented in a programmed computer that has a hierarchically configured decisional network that must be navigated as part of the processing and is constructed to accept inputs or data." (Ex. A at col.

---

[3] Defendant refers to the operation of Google to allege well known operations of search engines. (Def't Br. at 16-17).   However, there is no evidence in the record of how those systems worked and whether their alleged operation is prior art to the patent-in-suit.

2:25-28).  The claim language supports requiring this particular network.  (*Supra* §III.B.1).

The claims can also be easily designed around because they do not even preempt using a keyword to search a hierarchical network.  *McRO*, 837 F.3d at 1315.  For example, keywords can be used to search hierarchies that are not computerized hierarchically arranged decisional network.  Keywords can also be used to navigate a hierarchy to only adjacent nodes, or to navigate without jumping in a hierarchically arranged decisional network.  Navigation can also be accomplished by inputting keywords at a particular node and determining navigation without identifying a node associated with the keyword.  Finally, the claims do not combine well-understood, routine, or conventional activity.  As the specification and prosecution history explained, the problem solved is unique to hierarchically arranged decisional networks and the use of keywords to allow jumping to unconnected nodes in such a network was not well-understood, routine or convention.  (*Supra* §§III.A, III.A.2).  Defendant's attorney arguments are insufficient overcome this evidence. *See Aatrix Software*, 208 U.S.App. LEXIS 3463, *20-*21.

The claims therefore do not merely recite the alleged abstract idea "along with the requirement to perform it on the internet, or to perform it on a set of generic computer components."  *Bascom*, 827 F.3d at 1350.  "Nor do the claims preempt all ways" of using keywords to navigate a hierarchy.  *See id.*; *also McRO*, 837 F.3d at 1315.  Instead, the claims provide a new and improved method for navigating network nodes in a computerized hierarchically arranged decisional network that must be navigated by a user as part of the processing, and that is also constructed to accept user inputs or data for navigation.

## CONCLUSION

For the foregoing reasons, Guada Technologies LLC respectfully requests that this Court deny Defendant's Motion to Dismiss (D.I. 13, 14).

March 8, 2018

OF COUNSEL:

David R. Bennett
(Admitted *pro hac vice*)
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

STAMOULIS & WEINBLATT LLC

 /s/ *Stamatios Stamoulis*
Stamatios Stamoulis
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Plaintiff Guada Technologies LLC*

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.

/s/Stamatios Stamoulis
Stamatios Stamoulis